Boring, J.,
dissenting:
I dissent from the opinion of the majority of the court, because I think the claim of the petitioner is not within the act of 3d March, 1813, c. 47.
The law is elementary that offensive operations against a public enemy can he carried on only by the regularly commissioned naval and military forces of .the nation, or those called out by the government in its defence, and thus specially authorized. And such offensive operations are not permitted to mere private citizens, and in them constitute an offence which excludes them, if taken, from the rights of prisoners of war, and subjects them to punishment by the laws of their country. (1 Kent Com., 94; Wheaton’s Elements of National Law, pt. 4, § 8; 1 Gallison B.., The Emulous.)
I think the statute of 3d March, 1813, is founded on this modem rule of public law. It provides as follows : “ That during the present war with Great Britain, it shall he lawful for any person or persons to burn, sink, or destroy any British armed vessel of war.”
Now, the statute could not, and could not seek to, make lawful for officers and soldiers of the army that. which before and without the statute was their official duty; and. therefore, I think that they were not, and none but private citizens were or could be, within the purview of the authority given by the statute.
Then I think the bounty of the statute is given only to those to whom its authority is confined, and that it was intended as an inducement to those to peril themselves in offensive operations who were tmder no obligation to do so, and not for-those who were bound so to act, and received their pay and maintenance for the performance of their duty.
The object of the statute is the destruction of the armed vessels of war of the enemy, and it excepts from its operation the naval forces. These have their rights in captures made by them under the prize acts; and there is in this and all maritime countries a fixed difference between naval and land forces — that the former are entitled to the pub- *586 lie property they capture from tlie enemy at sea, while the latter are not entitled to the public property they capture from the enemy on land. There are no prize acts for the army, and I do not think this statute intended to make one.
The facts proved may entitle the petitioner to the consideration of Congress, but I think they do not establish a legal claim.